BASCHAB, Judge.
The appellant, James Clinton Hill, Jr., pled guilty in the Florence Municipal Court to driving under the influence (“DUI”), a violation of § 32-5A-191(a)(2), Ala.Code 1975. The municipal court sentenced him to serve a term of 90 days in jail, but suspended the sentence and ordered him to serve 24 months on probation. It also fined him $600. He appealed his conviction to the Lauderdale Circuit Court for a trial de novo, where he again pled guilty to DUI. The circuit court sentenced him to serve a term of 90 days in the Lauderdale County Detention Center, but suspended the sentence for two years and ordered him to serve six months on the Lauderdale County Community Corrections Suspended Work Release Program. It also fined him $600. The appellant did not file any post-judgment motions. This appeal followed.
I.
The appellant argues that the circuit court erroneously allowed the State to proceed under the statutory predicate set forth in § 32-5A-194, Ala.Code 1975, to establish the admissibility of his breath test results. Specifically, he contends that, because the Draeger Alcotest 7110 MK IIIC instrument that was used allegedly was not approved by the Alabama Department of Forensic Sciences (“the ADFS”), the breath test did not comply with the methods approved by the ADFS. Therefore, he asserts that the State should have been required to proceed under general evidentiary principles to establish the admissibility of the breath test. When he entered his guilty plea, he reserved the right to raise this issue on appeal.
During a hearing on this issue,[1] Dale Allen Carpenter, the Technical Director for the Implied Consent Section of the ADFS, testified that the Rules of Alabama Department of Forensic Sciences Chemical Test for Intoxication provide that the In-toxilyzer 5000 and the Draeger Alcotest 7110 MK III are the approved instruments for breath alcohol tests; that the Draeger Alcotest 7110 MK III and the Draeger Alcotest 7110 MK IIIC are the same instrument; that both machines use the same analytical platform; that the only difference between the machines is the addition of a modem to the Draeger Alco-test 7110 MK IIIC; and that the “C” designation stands for communications. He also testified that one of the ADFS’s specifications for the purchase of an instrument was that the instrument be on the products list approved by the National Highway Traffic Safety Administration (“the NHTSA”). He further testified that, when an instrument manufacturer changes an instrument, it must submit documentation to the NHTSA so the NHTSA can determine whether it needs to retest the instrument; that, if the change to the instrument is not analytical in nature, it will adopt the instrument without retesting it; that, with regard to the Draeger Alcotest 7110 MK IIIC, the NHTSA determined that the addition of the modem was not analytical in nature; and that the NHTSA adopted the Draeger Alcotest 7110 MK IIIC without retesting it.
Carpenter testified that the ADFS’s definition of an instrument is a device that records, measures, or controls; that a modem does not record, measure, or control; *587 that the addition of a modem does not affect the definition of an instrument; that the ADFS determined that the change between the Draeger Alcotest 7110 MK III and the Draeger Alcotest 7110 MK IIIC was innocuous and that it did not change the analytical capabilities of the instrument; and that the ADFS did not add the designation “C” in its rules so that the rules would be flexible enough to allow for future non-analytical variations to the Draeger Alcotest 7110 MK III without necessitating a change to the rules and regulations. He also testified that the ADFS had analyzed the Draeger Acotest 7110 MK III machines; that it never purchased any Draeger Acotest 7110 MK III machines; that all of the machines purchased in Aabama were Draeger Acotest 7110 MK IIIC; that instrument operators would have been trained on Draeger Aco-test 7110 MK IIIC machines; that the Draeger Acotest 7110 MK IIIC is the functional equivalent of the Draeger Aco-test 7110 MK III; and that there would not be a difference between training operators on the 7110 MK III and the 7110 MK IIIC. He further testified that the ADFS felt that it properly designated the instrument as the 7110 MK III because that is the analytical platform that they approved and because the difference in the “C” version was not analytical in nature.
Finally, Carpenter testified that the ADFS uses the modem on the Draeger Acotest 7110 MK IIIC to telephone the instrument and download data that has been collected by the instrument; that it uses that data to review the accuracy of the instrument; that a Draeger Acotest 7110 MK III would collect the same data; that the only difference would be that someone would have to physically go to the location of the Draeger Acotest 7110 MK III instrument to download the data; that the modem is not active unless the ADFS telephones the instrument; that the modem is not critical to the analytical function of the machine; and that the modem is critical only to the administrative process of retrieving data from the machine in a timely fashion.
Based on the evidence presented, we conclude that the Draeger Acotest 7110 MK III and the Draeger Acotest 7110 MK IIIC are the same instrument for the purpose of analyzing breath samples. Therefore, the circuit court properly allowed the State to establish the admissibility of the breath test results pursuant to the statutory predicate set forth in § 32-5A-194, Aa. Code 1975.
II.
The appellant also argues that the circuit court erroneously admitted into evidence the Florence Municipal Ordinance that designates the Draeger Acotest 7110 MK III as the machine to be used for breath test analyses. However, he did not reserve the right to raise this argument on appeal.[2] Therefore, it is not properly before this court. See Rule 14.4(a)(l)(viii), Aa. R.Crim. P.
For the above-stated reasons, we affirm the circuit court’s judgment.
AFFIRMED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur; COBB, J., concurs in the result.

. The circuit court adopted the evidence about this issue that had been presented in another case and its ruling in that other case.

. In fact, during the guilty plea proceedings, defense counsel stated that he had previously introduced a copy of that ordinance and requested that that ordinance be made a part of the record.